S95A2024. DeKALB COUNTY BOARD OF HEALTH et al.
v. LEE.
(467 SE2d 564)

FLETCHER, Presiding Justice.

The trial court enjoined the DeKalb County Board of Health from enforcing its requirement that master plumber James W. Lee pass a county examination and obtain a certificate of qualification before installing or repairing septic tanks. The issue on appeal is whether the statutory definition of "plumbing" includes the installation of septic tanks. Because the installation, maintenance, and repair of septic tanks do not fall within the statutory definition of plumbing, we hold that state law does not preempt the county's regulation and remand for a hearing on its reasonableness.

OCGA § 43-14-13 (b) generally prohibits a county from imposing additional, local licensing requirements on a licensed journeyman or master plumber. But according to the state attorney general, who filed an amicus brief, the State Construction Industry Licensing Board imposes no licensing requirements on persons who install or repair a septic tank. Unless the installation and repair of septic tanks are included in the statutory definition of plumbing, counties may establish the qualifications of persons who do that work.

The Georgia Code defines "plumbing" in OCGA § 43-14-2 (12) as follows:

the practice of installing, maintaining, altering, or repairing piping fixtures, appliances, and appurtenances in connection with sanitary drainage or storm drainage facilities, venting systems, or public or private water supply systems within or adjacent to any building, structure, or conveyance. The term

"plumbing" also includes the practice of and materials used in installing, maintaining, extending, or altering the storm-water or sewage and water supply systems of any premises to their connection with any point of public disposal or other acceptable terminal.

Giving these words their ordinary significance, we conclude that a septic tank is an "acceptable terminal" for a "sewage and water supply system" of a private premises. Under the statute, the practice of plumbing encompasses "installing, maintaining, extending, or altering" the sewage system "of any premises to their connection with any point of public disposal or other acceptable terminal." This language means that plumbing involves work on piping fixtures and other materials from a residence to the septic tank. The statutory definition, however, does not include installing, maintaining, or repairing the septic tank itself. As a result, state law does not preempt counties from enacting regulations that specify the qualifications of persons who install and repair septic tanks.

The state health code gives each county board of health the authority to adopt reasonable regulations that prevent disease, eliminate unsanitary conditions, and do not conflict with state regulations.[1] Based on the record before us, we cannot determine whether the county's qualifications for persons installing, repairing, or altering septic tanks were "reasonably adapted to the purposes intended," as OCGA § 31-3-4 requires. Therefore, we reverse the trial court's grant of the preliminary injunction and remand for a hearing on the regulation's reasonableness.

*Judgment reversed and remanded. All the Justices concur, except Sears, J., who concurs in the judgment only.*

DECIDED MARCH 11, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996.

*Jonathan A. Weintraub, Joan F. Roach, Lisa F. Stuckey, H. Walter Indermark,* for appellants.

*G. Brian Spears,* for appellee.

*Michael J. Bowers, Attorney General, Brenda H. Cole, Deputy Attorney General, Janet B. Wray, Betsy D. Cohen, Assistant Attorneys General,* amicus curiae.

---

[1] See OCGA § 31-3-4 (a) (3) & (4).